GREEN, J.
delivered the opinion of the court.
In this case the bill alledges that complainant, heretofore, in 1S35, purchased the shares of several of the heirs of G. Bruton deceased, of a tract of land, of which said G. Bruton died seized. *436 That said heirs conveyed to him their said shares, but that the deed was never registered and has been lost; that one of the shares so purchased by him, has been levied on by virtue of an execution against his vendor and sold, and has come into the hands of Rutland; that said sale was void for want of twenty days’ notice to the tenant in possession; but that Rutland went into possession, and occupied said land for several years — when he quit the possession thereof and complainant went into possession — that Rutland has sued him for a forcible entry and de-tainer, and has had a verdict against him on the premises; that complainant has removed the cause to the circuit court by certiorari, where it is now pending, and prays that the heirs from whom he has purchased, be made defendants, and the legal title be decreed out of them, and vested in complainant; that the other heirs, and Rutland who claims title as aforesaid, be made defendants, and that partition between them and complainant be decreed; that Rutland be enjoined from further prosecuting his action of forcible entry and detainer, and that he account for rents and profits while he had possession of the land.
To this bill defendantRutland demurred, which was allowed by the chancellor. The bill in this case is clearly multifarious. 1. It sets up the complainant’s equity against a portion of the defendants, and seeks to get a decree vesting their legal title in him. 2. It seeks to investigate the validity of a sale, by the sheriff, of the share of one of the heirs under whom complainant claims. 3. It seeks to investigate the question arising upon the forcible entry and detainer. 4. It asks for an account; for rents and profits.
Besides, the statements of the bill show that Rutland is entitled to the possession, and independent of all this, in a case for partition, the title must be clear of dispute. Hickman vs. Cooke.
Allow the demurrer, and dismiss the bill as to Rutland, and remand the cause to the chancery court.